IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DERRICK LEE STOKES**                                                         **PLAINTIFF**

**v.**                                     **CIVIL ACTION NO.: 1:13-cv-493-KS-MTP**

**TAMALA BOLTON**                                           **DEFENDANTS**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Motion for Summary Judgment [41] filed by Plaintiff Derrick Lee Stokes. Having considered the Motion [41] and the applicable law, the undersigned recommends that Plaintiff's Motion for Summary Judgment [41] be denied.

## FACTUAL BACKGROUND

On July 11, 2012, Plaintiff Derrick Lee Stokes, proceeding *pro se* and *in forma pauperis*, filed his Complaint [1] pursuant to 42 U.S.C. § 1983. Through his Complaint, and as clarified during his *Spears*[1] hearing, Plaintiff asserts a claim against Tamala Bolton. Plaintiff alleges that Defendant Bolton, a mail room employee at South Mississippi Correctional Institution ("SMCI"), mishandled his legal mail by giving it to another inmate. He asserts this violated Mississippi Department of Corrections ("MDOC") policy. Plaintiff claims that, by not receiving his mail, he missed deadlines to move for rehearing in the Fifth Circuit and petition the United States Court for a writ of certiorari. Plaintiff seeks to be reimbursed for money spent on his filing fee for appeal to the Fifth Circuit.

On January 24, 2014, Plaintiff filed his Motion for Summary Judgment [41]. On June 19, 2014, the Court directed Defendant to respond to Plaintiff's Motion for Summary Judgment by no later than July 7, 2014. *See* Order [43]. Despite the Court's Order, Defendant failed to

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). Plaintiff's Spears hearing took place on December 18, 2013.

respond to the Motion for Summary Judgment. Thus, the Court will consider the Motion for Summary Judgment without a response from Defendant.

## STANDARD FOR SUMMARY JUDGMENT

This Court may grant summary judgment only if, viewing the facts in a light most favorable to non-movant, the movant demonstrates that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Woods v. Smith,* 60 F.3d 1161, 1164 (5th Cir. 1995). If the movant fails to discharge the burden of showing the absence of a genuine issue concerning any material fact, summary judgment must be denied. *John v. Louisiana,* 757 F.2d 698, 708 (5th Cir. 1985). The existence of an issue of material fact is a question of law that the court must decide, and in making that decision, it must "draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues." *Id* at 712. A party, however, "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (internal quotation and citation omitted).

## ANALYSIS

Plaintiff's Motion for Summary Judgment [41] restates his claim that Defendant Bolton mishandled his legal mail by giving it to another inmate. Plaintiff alleges that (1) Defendant did not makes sure the mail was going to the right person by checking inmate identification cards; (2) Defendant opened his mail out of his presence; and (3) Defendant did not adequately maintain the mail log. In addition to his allegations, Plaintiff presents copies of Gia N. McLeod's affidavit regarding the procedures of the Inmate Legal Assistance Program, a sign language interpreter's credentials, an envelope from the Fifth Circuit, and MDOC policies. ([41-

1]). Plaintiff's "evidence" does not demonstrate that Defendant took any action or failed to take any action regarding the Plaintiff's mail or that his proposed petition for rehearing had any merit. Thus, the evidence before the Court does not support summary judgment.  Additionally, Plaintiff's conclusory allegations do not establish an absence of a genuine issue of material fact. Because Plaintiff has failed to meet his burden of demonstrating that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law, Plaintiff's Motion for Summary Judgment should be denied.  Should this Report and Recommendation be adopted, the undersigned will schedule a hearing on the merits to address Plaintiff's claims.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Plaintiff's Motion for Summary Judgment [41] be DENIED.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This 17th day of July, 2014.

                                    s/ Michael T. Parker
                                    United States Magistrate Judge