IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DERRICK LEE STOKES**                                                                   **PLAINTIFF**

**v.**                                                   **CIVIL ACTION NO. 1:13-cv-493-KS-MTP**

**TAMALA BOLTON**                                                     **DEFENDANT**

## REPORT AND RECOMMENDATION

THIS MATTER came before the Court for an evidentiary hearing on March 24, 2015, pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).[1] Plaintiff appeared *pro se*, and Tommy Goodwin appeared on behalf of Defendant Tamala Bolton. Having heard the arguments of the parties and considered all the evidence, the undersigned finds that Plaintiff failed to prove by a preponderance of the evidence the claim asserted against Defendant. Accordingly, the undersigned recommends that this matter be dismissed.

## FACTUAL BACKGROUND

This lawsuit arises from events which took place while Plaintiff was a post-conviction inmate at South Mississippi Correctional Institution ("SMCI") in Leakesville, Mississippi.[2] At the evidentiary hearing, Plaintiff testified[3] that on March 2, 2012, a postal inspector at SMCI, Defendant Tamala Bolton, gave his legal mail to another inmate, and as a result, he received his

---

[1] On February 21, 2013, United States District Judge Keith Starrett referred this matter to the undersigned United States Magistrate Judge for all further proceedings provided for by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. *See* Order [24].

[2] Plaintiff is currently incarcerated at Central Mississippi Correctional Facility in Pearl, Mississippi.

[3] Plaintiff, who is hearing impaired, testified and otherwise prosecuted his case with the assistance of an interpreter.

legal mail three weeks later.

Plaintiff testified that the mail he received was an order from the Fifth Circuit Court of Appeals dismissing his appeal of another case filed in this Court. Plaintiff submitted into evidence the envelope which showed that another inmate signed for it on March 2, 2012. According to Plaintiff, Defendant's act of giving the Fifth Circuit's order to another inmate prevented him from seeking a rehearing in the Fifth Circuit or appealing to the United States Supreme Court. Plaintiff, however, testified that he did not file a motion for leave to file an out-of-time petition for rehearing. According to Plaintiff, he did not proceed in his underlying case because he felt that the Fifth Circuit would deny his request and he did not want to waste his time or incur the postage costs.

Plaintiff testified that Defendant violated Mississippi Department of Corrections ("MDOC") policies when she gave his mail to another inmate. Plaintiff presented MDOC policies which require prison officials to handle mail without delay and to review inmates' identification cards before distributing mail. Plaintiff testified that he witnessed Defendant distribute mail without reviewing an inmate's identification card on at least one other occasion.

Defendant Bolton also testified at the evidentiary hearing. Defendant testified that, as a postal inspector at SMCI, she was tasked with sorting, inspecting, and distributing mail to inmates. According to Defendant, she mistakenly gave Plaintiff's legal mail to another inmate. Specifically, Defendant testified that Plaintiff's legal mail was clipped to a second envelope that was addressed to another inmate and she unknowingly allowed that inmate to sign for Plaintiff's mail.

## ANALYSIS

The constitutional right implicated in this case is the right of access to the courts. Inmates are entitled to a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement. *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). A prison official's intentional withholding of mail may constitute a cognizable claim under Section 1983. *Richardson v. McDonnell*, 841 F.2d 120, 122 (5th Cir. 1988). Acts of negligence or inadvertence are not cognizable under Section 1983. *Porras v. Sanchez*, 2014 WL 2118085, at *10 (N.D. Tex. May 21, 2014).

Additionally, an actual injury must be shown to set out a violation of an inmate's right of access to the courts. *Ruiz v. U.S.*, 160 F.3d 273, 275 (5th Cir. 1998) ("A denial-of-access-to-the-courts claim is not valid if a litigant's position is not prejudiced by the alleged violation."). Plaintiff must show a real detriment, such as the loss of a motion or the loss of a right to commence, prosecute, or appeal in a court. *See Oaks v. Wainwright*, 430 F.2d 241, 242 (5th Cir. 1970). To show an actual injury, the inmate must "allege that his ability to pursue a nonfrivolous, arguable legal claim was hindered." *Brewster v. Dretke*, 587 F.3d 764, 769 (5th Cir. 2009). "The inmate must describe the underlying claim well enough to show its 'arguable nature . . . is more than hope.'" *Id.* (quoting *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)).

Based on the testimony and evidence submitted at the evidentiary hearing, the undersigned concludes that Defendant did not intentionally deliver Plaintiff's mail to another inmate. At most, Defendant negligently mishandled Plaintiff's mail. Nothing in the record demonstrates that Defendant purposefully denied Plaintiff access to the courts. Thus, Defendant's actions do not rise to the level of a constitutional violation. *See Wright v.*

*Pennington*, 176 Fed. App'x. 579 (5th Cir. 2006) (holding that a prisoner's allegation of negligent mishandling of mail by prison staff failed to state a claim under Section 1983); *see also Brewer v. Wilkinson*, 3 F.3d 816, 825 (5th Cir. 1993) ("the violation of the prison regulation requiring that a prisoner be present when his incoming legal mail is opened and inspected is not a violation of a prison's constitutional rights.").

Moreover, even if Defendant's action were construed as intentional, Plaintiff failed to prove that he suffered an actual injury. Plaintiff did not identify the issues he would have raised in his petition for rehearing, nor did he explain why those issues were arguable or nonfrivolous. Plaintiff presented nothing suggesting that the Fifth Circuit's decision should have been reversed. Additionally, Plaintiff could have filed a motion for leave to file an out-of-time petition for rehearing, giving himself the opportunity to explain the reasons for his delay and giving the Fifth Circuit a fair opportunity to consider his petition. Instead, Plaintiff took no action at all.

Based on the foregoing, the undersigned concludes that Plaintiff has failed to establish by a preponderance of the evidence that Defendant violated his constitutional rights by denying him access to courts.

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that this action be dismissed with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the

recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

      THIS, the 30th day of March, 2015.

                                      s/ Michael T. Parker
                                      United States Magistrate Judge